UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN THOMAS SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>HUMBOLDT COUNTY SHERIFF'S OFFICE CORRECTIONAL FACILITY,<br><br>  Defendant. | Case No. 24-cv-01035-PHK<br><br>**ORDER DENYING MOTION SEEKING LEAVE TO FILE UNTIMELY DISPOSITIVE MOTION; REFERRING CASE TO JUDICIAL SETTLEMENT CONFERENCE**<br><br>Re: Dkt. 19 |

Plaintiff has filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the Humboldt County Sheriff's Office Correctional Facility regarding events that took place while he was housed there. [Dkt. 1]. The original deadline to file dispositive motions in this case was June 21, 2024. On October 9, 2024, Defendant filed a motion requesting an extension of time to file an otherwise untimely summary judgment motion. [Dkt. 19]. For the reasons set forth below, the Court **DENIES** the motion for an extension of time to file a summary judgment motion [Dkt. 19], and **REFERS** this case to settlement proceedings.

**I.  MOTION SEEKING EXTENSION OF TIME TO FILE A SUMMARY JUDGMENT MOTION [Dkt. 19]**

On March 22, 2024, the Court screened the Complaint in this action under 28 U.S.C. § 1915A and in that screening Order found that the Complaint stated either an Eighth Amendment or Fourteenth Amendment claim against Defendant; ordered service of process on Defendant; and ordered that the deadline for Defendant to file a dipositive motion was within 91 days of March 22, 2024 (which was June 21, 2024). [Dkt. 6]. The March 22 Order further directed that "[i]f

Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date such summary judgment motion is due. A motion for summary judgment also must be accompanied by a *Rand* Notice …." *Id.* at 4. Defendant did not file a dispositive motion by the June 21, 2024 deadline, and did not communicate with the Court by the deadline regarding whether or not Defendant was of the opinion that this case cannot be resolved by summary judgment.

    Defendant is represented by counsel, who has entered appearance and filed an Answer in this case. [Dkt. 12]. Defendant has consented to Magistrate Judge jurisdiction. [Dkt. 14]. Despite the fact that the deadline had passed, Court staff contacted Defendant's counsel of record by email in July 2024 reminding Defendant of the past-due deadline for dispositive motions. [Dkt. 17 at 2]. Defendant took no action at that time regarding whether or not it intended to file a summary judgment motion, much less whether it intended to seek leave to file a summary judgment motion out of time or seek an extension of the deadline. Out of excess of caution, Court staff again contacted Defendant's counsel of record by email in September 2024 regarding the now long past-due deadline for dispositive motions. *Id.* at 3. At that time, Defendant failed to file a motion for extension of time or for leave to file a dispositive motion.

    Indeed, Defendant took no other action in this case until after the Court issued an Order to Show Cause on September 26, 2024, instructing Defendant to show cause why default should not be entered against Defendant for failure to defend this action, particularly pointing out that Defendant failed to file a dispositive motion by the Court's deadline and failed to respond to Court's staff at all. [Dkt. 16]. On October 8, 2024, Defendant filed its response to the OSC. [Dkt. 17]. In the response to the OSC, Defendant stated its intention to defend this case, argued that the failure to file the summary judgment motion by the deadline was not done in bad faith, argued that the failure to seek an extension of time was not done in bad faith, informally requested an extension of time, and attached as an exhibit a proposed motion for summary judgment. *Id.* at 3-5 and Exh. A. The Court held a hearing on the Order to Show Cause and the response thereto on October 17, 2024. [Dkt. 20].

    On October 9, 2024 (the day after filing the response to the OSC), Defendant filed the instant

1 motion requesting an extension of time to file the proposed summary judgment motion. [Dkt. 19]. On
2 November 4, 2024, the Court ordered Plaintiff to file his opposition to the motion by November 15,
3 2024, and ordered Defendant to file their reply by November 29, 2024. Plaintiff (who is proceeding
4 *pro se)* has filed a pleading that opposes the proposed summary judgment motion on the merits, [Dkt.
5 25], which (according to Plaintiff) was delayed because of insufficient postage and had to be re-sent.
6 [Dkt. 26]. Plaintiff has not expressly addressed in the opposition the merits of Defendant's motion for
7 leave to file an untimely dispositive motion. Defendant filed a notice of non-receipt of an opposition
8 to the motion for leave. [Dkt. 24].

9       The Court finds that this matter is suitable for resolution without the need for a further hearing
10 or oral argument. For the reasons set forth below, the Court **DENIES** the request for an extension of
11 time to file their untimely summary judgment motion.

12       First, as a procedural matter, the instant motion for leave is, itself, untimely. Both the Court's
13 screening order in this case [Dkt. 6] and the Court's Standing Order required Defendant to file a
14 request to extend deadlines **prior to the deadline** at issue. [Dkt. 6 at 5; Standing Order at 3]. The
15 instant motion was filed three and a half months after the June 21, 2024 deadline passed. Defendant
16 only filed this motion **after** the Court issued its Order to Show Cause.

17       Second, the instant motion fails to comply with the Court's Civil Local Rules because it fails to
18 describe the efforts made to obtain a stipulation to change the time for filing the dispositive motion.
19 Civil L.R. 6-3 is titled "Motion to Change Time" and requires a declaration that "[d]escribes the efforts
20 the party has made to obtain a stipulation to the time change." Here, Defendant's motion was not
21 supported by any declaration, much less the declaration required by the Local Rule which is required
22 to address several issues in addition to the efforts to seek a stipulation. *Compare* Civil L.R. 6-3(a)(1)-
23 (6), *with* [Dkt. 19]. The failure to seek a stipulation is consistent with Defendant's evident lax
24 approach to this litigation – at the October 17 OSC hearing, Defendant's counsel admitted that he has
25 failed to contact Plaintiff at any time about this action. [Dkt. 22 at 6-7].

26       Third, with regard to the substance of the motion for leave, Defendant has not demonstrated
27 excusable neglect for the late filing. A district court has broad discretion in supervising the pretrial
28 phase of litigation. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). In

general, the pretrial scheduling order, including requests for an extension of pretrial deadlines, can only be modified upon a showing of good cause or excusable neglect. *See id.*; *see also* Fed. R. Civ. P. 6(b) (court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party; (2) whether the moving party acted in good faith; (3) the length of the delay and its potential impact on the proceedings; and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. The Ninth Circuit has instructed that modification of a pretrial schedule should not be granted where the party seeking the modification was not diligent. *Zivkovic*, 302 F.3d at 1087.

The first *Pioneer* factor weighs heavily against a finding of excusable neglect. Defendant has not demonstrated that it was outside their "reasonable control" to timely request an extension of time. The instant motion argues that understaffing, an increased caseload due to the understaffing, and illness prevented Defendant's counsel from complying with the Court's briefing schedule. Defendant also argues that the failure to comply with the dispositive motion deadline was inadvertent. [Dkt. 19 at 32-3].

First, Defendant's motion fails to satisfactorily explain the delay in filing the motion for leave or to extend time. Instead, Defendant states (without a declaration to support the assertion) that Defendant's counsel "inadvertently failed to file a request that the briefing schedule be reset; a request for an extension of time to file their dispositive motion" after receiving the July 2024 email from the Court's staff. [Dkt. 19 at 2]. Defendant further states that, after receiving the email from the Court's staff in September 2024, "[d]ue to the loss of attorneys and excessive new workload, [Defendant's counsel] Mr. Chapin had forgotten to file for an extension of time to file the dispositive motion." *Id.* at 3.

A heavy caseload alone does not establish excusable neglect under Fed. R. Civ. P. 6(b)(2). *Hill v. England*, No. CV F 036903 LJO TAG, 2007 WL 3132930, at *2 (E.D. Cal. Oct. 23, 2007) (collecting cases) ("A solo practitioner's 'busy practice' and preparation of other cases does not

4

establish excusable neglect under F. R. Civ. P. 6(b)(2).") (denying plaintiff's belated request to extend deadline to oppose summary judgment motion based on "unspecified . . . surgery 'of a serious nature'" and volume of materials to review because disobedience of court's rules should not be rewarded).

Further, the record established at the OSC hearing undermines Defendant's assertion that "understaffing" prevented Defendant from filing the instant motion or a summary judgment motion in a timely fashion.  From the Court's own experience, a motion requesting an extension of time is an administrative motion that does not require significant resources, research, or time to prepare and file.  Indeed, the instant motion is only four pages long with an "Argument" section that is less than one page long, and was submitted without a supporting declaration or a proposed Order (again, in violation of Local Rule 6-3 ("A motion to enlarge or shorten time … must be accompanied by a proposed order ….")).  *Compare* [Dkt. 19], *with* Civil L.R. 6-3.  The Court does not find credible the argument that the burden of preparing the instant motion was so high as to constitute excusable neglect.

More significantly, the "understaffing" assertion is not credible or supported by the facts:  the first attorney did not depart the Humboldt County Counsel's office until sometime in June 2024, with the second attorney departing in July 2024.  [Dkt. 22 at 9].  There remained at least four attorneys in that office until August/September 2024.  [Dkt. 19 at 2].  The Order setting the dispositive motions deadline was issued on March 22, and the dispositive motions deadline was June 22.  There was full staffing within the Humboldt County Counsel's office in March, April, May, and at least part of June 2024 – and Defendant offers no compelling reason or explanation why the summary judgment motion or the instant motion to extend time could not have been filed at any time **before** the first attorney departed that office and **before** the dispositive motions deadline passed (as required by the Local Rules and this Court's Standing Order).  Indeed, there were still multiple attorneys working in the Humboldt County Counsel's office in at least part of both June and July 2024, and Defendant now offers no reason or explanation why the instant motion could not have been filed during that time frame (particularly after the Court's staff contacted counsel about the missed deadline).  It is no surprise, then, that at the October 17 hearing Defendant's counsel admitted as much:

> THE COURT: Okay. Well, I guess the question is how did two attorneys leaving after -- around or after the deadline to file summary judgment motion, how did that affect your ability to file a request for extension of time before the deadline?

> MR. CHAPIN: Well, your Honor, that's completely on me. Like I said, I probably didn't even read that in -- in the -- the order, and that -- that would have – that's – that's my fault there.

[Dkt. 22 at 10-11].

Similarly, the record established at the OSC hearing undermines Defendant's assertion that illness prevented Defendant from filing the instant motion or the summary judgment motion in a timely fashion. Defendant's counsel became ill in the August/September time frame. [Dkt. 19 at 2]. Defendant now offers no persuasive reason or explanation why the instant motion could not have been filed at any time prior to the illness of one attorney (particularly when there remained multiple other attorneys in that office from March until July), and offers no persuasive reason or explanation why the instant motion could not have been filed after the illness in September (particularly after the Court's staff contacted counsel about the missed deadline yet again). As noted, the instant motion was only filed on October 9, which was almost two weeks after (and apparently in response to) the Order to Show Cause issued on September 26. [Dkt. 19]. Indeed, at the October 17 hearing, Defendant's counsel admitted as such:

> [THE COURT:] Was anything barring you from telling the Court that you -- because of the pressure of workload and other things, you lacked the physical ability to file the summary judgment motion on time?
>
> MR. CHAPIN: No, there wasn't, your Honor.

[Dkt. 22 at 15].

In addition, the record established at the OSC hearing indicates a troubling lack of diligence by Defendant here. At the October 17 hearing, Defendant's counsel Mr. Chapin admitted that he was unaware of the dispositive motion deadline because he "actually probably didn't even read that part of the order" which set that deadline. [Dkt. 22 at 4]. Defendant's counsel further admitted that he did not have, and therefore was not cognizant of, the Court's Standing Order. *Id.* at 5-6. Even though Plaintiff was incarcerated until May 15, 2024 and thus his exact location was known to Defendant during that time period, Defendant's counsel did not try to contact Plaintiff when he was easy to locate and thus failed to try to obtain a stipulation to extend the deadline for dispositive motions at that time. *Id.* at 6-7. Although the March 21 Order stated that the Parties were free to commence discovery at that time, Defendant has conducted no discovery in this case, and Defendant's counsel admitted that

6

the proposed summary judgment motion relies solely on jail records, which are records that were always available to Defendant long before the dispositive motions deadline. [Dkt. 22 at 6-7, 17-18].

At the October 17 hearing, Defendant's counsel admitted in all candor that the failure to file the summary judgment motion on time was not reasonable diligence:

> THE COURT: Do you -- I mean, I don't think you say it directly in your declaration. Do you believe you acted with reasonable diligence in this case?
>
> MR. CHAPIN: Well, with the motion, I didn't file it. I can't -- I can't deny that. So, I can't say that I acted with reasonable diligence on that.

[Dkt. 22 at 16].

Similarly, at the October 17 hearing, Defendant's counsel admitted that, from April until the issuance of the September Order to Show Cause, there was nothing that prevented Defendant from informing the Court that there were problems filing the summary judgment motion (and thus nothing preventing Defendant from filing the instant motion prior to October):

> [THE COURT]: Again, was there anything from April to June or even until this OSC was issues [sic, issued], stopping you from telling the Court that you had problems filing this motion for summary judgment that was never filed?
>
> MR. CHAPIN: No, your Honor.

*Id.*

The second and third *Pioneer* factors are neutral. With respect to the second factor, while there is no indication that Defendant's counsel acted in bad faith, the record does not support an affirmative finding that Defendant acted in good faith. After filing an Answer in late April 2024, Defendant took no action in this case until the Court issued the Order to Show Cause on September 26, 2024. During that time, Court staff contacted Defendant's counsel twice about the relevant deadlines. And yet, Defendant failed to act until after the Order to Show Cause was issued.

With respect to the third factor, the record before the Court is silent as to whether Plaintiff has been prejudiced. The Court notes that Plaintiff's opposition filing indicates that Plaintiff has evidence regarding the merits of this case and would seek discovery to support his claims. [Dkt. 26]. Given the liberal standards for construing *pro se* plaintiffs' pleadings, the Court construes Plaintiff's opposition to include an opposition to the request for leave to file an untimely dispositive motion. To the extent the Court were to allow a late-filed summary judgment motion to distract the Parties from finishing

7

discovery, the Court acknowledges that Plaintiff risks prejudice to his case preparation (particularly when the Court liberally construes Plaintiff's *pro se* opposition filing). *See, e.g., Schweickert v. Hunts Point Ventures, Inc.*, No. 13-CV-675RSM, 2014 WL 7338735, at *1 (W.D. Wash. Dec. 19, 2014) (denying defendant leave to file untimely amended summary judgment motion because defendant had failed to show requisite diligence where he filed amended summary judgment motion untimely and request for leave to file untimely motion was filed after untimely motion was filed and after deadline in scheduling order; court also took into account "prejudice that Plaintiff will face in expending time and resources to cull new factual and legal arguments from Defendant's second motion and in filing a second opposition brief in response.").

The Court finds that Defendant has not demonstrated excusable neglect that would allow for modification of the pretrial deadlines here, particularly the dispositive motions deadline. None of the *Pioneer* factors weigh in favor of finding that Defendant's failure to timely request an extension of time was due to excusable neglect. As discussed in detail above, the first *Pioneer* factor weighs heavily against a finding of excusable neglect. The Court **DENIES** Defendant's untimely request for an extension of time to file a dispositive motion.

In light of this resolution of the instant motion and in the interests of case management, the Court **REFERS** this case to settlement proceedings, as explained in further detail below.

## II. REFERENCE TO *PRO SE* SETTLEMENT PROCEDURES

This case is hereby **REFERRED** to Magistrate Judge Robert Illman for a judicial settlement conference pursuant to the Pro Se Prisoner Mediation Program. Plaintiff has another case before this Court, Civil Action No. 24-cv-01417, *Smith v. Sheriff Honsal*, involving essentially the same Parties (although dealing with different causes of action) which the undersigned is also referring to Judge Illman for a judicial settlement conference. The Court finds that, in order to conserve judicial resources and facilitate settlement, it makes sense to refer this action as well to Judge Illman for coordinated settlement proceedings so that the Parties may explore whether a global or coordinated settlement of both cases is appropriate.

The judicial settlement conference shall be held at the earliest opportunity as set by Judge Illman consistent with his scheduled availability. At his discretion, Judge Illman shall coordinate

the place, time, and date for the judicial settlement conference (or conferences, if he determines multiple conferences are appropriate) in both cases with all interested Parties and their representatives. The Clerk is directed to serve Judge Illman with a copy of this Order and to notify Judge Illman that a copy of the Court file can be retrieved from the Court's electronic filing database.

Within thirty (30) days of the completion of the judicial settlement conference proceedings, the Parties are **ORDERED** to file a Joint Status Report addressing: (1) whether the case has settled or whether further settlement proceedings would be appropriate and when; (2) setting forth a discovery plan and case schedule; and (3) addressing the issues required under Fed. R. Civ. P. 16. The Court will direct the Parties further after reviewing the Joint Status Report, including whether the Court will require an in-person Status Conference.

## CONCLUSION

For the reasons set forth herein, the Court **ORDERS** as follows:

1. The Court **DENIES** Defendant's motion for an extension of time to file a dispositive motion. [Dkt. 19]. The Court retains full discretion and jurisdiction over the resolution of the issues raised in this interlocutory Order.

2. The Court **REFERS** this case to Magistrate Judge Robert Illman for judicial settlement conference proceedings pursuant to the Pro Se Prisoner Mediation Program, as discussed herein.

3. The Parties are **ORDERED** to file a Joint Status Report within thirty (30) days of the completion of the judicial settlement conference, as discussed herein.

This Order **RESOLVES** Dkt. 19.

**IT IS SO ORDERED.**

Dated: January 7, 2025

_____
PETER H. KANG
United States Magistrate Judge