UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN THOMAS SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUMBOLDT COUNTY SHERIFF'S OFFICE CORRECTIONAL FACILITY,<br><br>　　　　Defendant. | Case No. 24-cv-01035-PHK<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND IMPOSING SANCTIONS**<br><br>Re: Dkt. 16 |

## INTRODUCTION

Now before the Court is Defendant (and Defendant's counsel's) response to an Order to Show Cause issued by the undersigned in this *pro se* prisoner litigation. On September 26, 2024, the Court issued an Order to Show Cause "why default should not be entered against Defendant for failure to defend this action…." [Dkt. 16]. On October 8, 2024, Defendant filed a response to the Order to Show Cause. [Dkt. 17]. The Court held a hearing on the Order to Show Cause ("OSC") on October 17, 2024. For the reasons discussed herein and on the grounds explained below, the Court **DISCHARGES** the Order to Show Cause and **ORDERS** the imposition of specific sanctions (detailed below) against Defendant and Defendant's counsel of record personally.

## DISCUSSION

### I.    Relevant Background

On February 21, 2024, Plaintiff filed his *pro se* Complaint and consented to Magistrate Judge jurisdiction. [Dkts. 1, 3]. On March 22, 2024, the Court screened the Complaint, found that the Complaint stated either an Eighth Amendment or Fourteenth Amendment claim against

1  Defendant, and ordered service of process on Defendant. [Dkt. 6]. In that same order, the Court
2  entered a scheduling order "to expedite resolution of this case." *Id*. at 3. The Court's scheduling
3  order instructed Defendant to file a dipositive motion within 91 days of March 22, 2024 (which
4  was June 21, 2024), and instructed the parties that "[a]ny motion for an extension of time must be
5  filed no later than (and preferably well in advance of) the deadline sought to be extended and must
6  be accompanied by a showing of good cause." *Id*. at 3-5.
7        The scheduling order further stated that, "[i]f Defendant is of the opinion that this case
8  cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date
9  such summary judgment motion is due." *Id*. at 3-4. Thus, the deadline to file a dispositive motion
10  (or file a notice that Defendant was of the opinion that this case cannot be resolved by summary
11  judgment) was June 21, 2024.
12        The scheduling order authorized the commencement of discovery: "Discovery may be
13  taken in accordance with the Federal Rules of Civil Procedure. No further Court Order under
14  Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the Parties may
15  conduct discovery." *Id.* at 5.
16        The undersigned's Standing Order for Civil Cases ("Standing Order") is publicly available
17  on the Court's website at https://www.cand.uscourts.gov/wp-content/uploads/judges/kang-
18  phk/Civil-Standing-Order-PHK-001.pdf (effective July 14, 2023) ("Standing Order"). The
19  Standing Order requires that counsel appearing before the undersigned "*shall* review and be
20  familiar with this Standing Order." *See*, at 1 (emphasis added). The Standing Order instructs that
21  "[f]ailure to comply with any of the applicable rules and orders, including this Standing Order,
22  may be deemed sufficient grounds for sanctions (monetary or otherwise), revocation of pro hac
23  vice admission, referral to appropriate state or local bar authorities, dismissal, entry of default
24  judgment, or other appropriate sanctions." *Id.* With respect to pretrial schedules, the Standing
25  Order instructs as follows:
26        No changes to the Court's schedule shall be made except by order of the Court.
      Parties seeking to continue hearings, request special status conferences, modify
27        briefing schedules, or make any other procedural or scheduling changes shall
      submit a proposed order and fully executed stipulation explaining the need for the
28        requested modification, or, if stipulation is not possible, a motion for

administrative relief. *See* Civil L.R. 7-11**. A Party seeking to enlarge a filing deadline or other matter by way of a motion for administrative relief is admonished to file such a motion sufficiently in advance of the filing deadline sought to be enlarged to allow time for any opposition to be filed under Civil Local Rule 7-11(b), and to allow time for the Court to review prior to the original deadline, rather than at the last minute (such as only a day or two before a brief or other matter is due).** Continuances are generally disfavored and will be granted only upon a showing of good cause, with a particular focus on diligence (or lack thereof) by the Party seeking the continuance and prejudice that may result if the continuance is denied (or granted).

*Id.* at 3 (emphasis added).

N.D. Cal. Civil Local Rule 6-1 governs enlarging or shortening court deadlines, and requires a Court order for any enlargement or shortening of time that alters an event or deadline already fixed by Court order or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint). N.D. Cal. Civ. L.R. 6-1(b). The Civil Local Rules of the Northern District of California require that a motion seeking to enlarge or shorten time must be accompanied by a declaration that, in relevant part, sets forth with particularity the reasons for the requested enlargement of time; describes the efforts made to obtain a stipulation to the time change; identifies the substantial harm or prejudice that would occur if the Court did not change the time; and describes the effect that the requested time modification would have on the schedule for the case. N.D. Cal. Civ. L.R. 6-3.

On April 24, 2024, Defendant filed their Answer to the Complaint. [Dkt. 12]. Attorney Thomas Chapin, Deputy County Counsel for Humboldt County, entered appearance as counsel of record for the defense as of that date.

On April 26, 2024, Plaintiff filed a notice of change of address with the Court, stating that he would be released from the custody of Humboldt County Jail on May 1, 2024, and that his address of record after release would be 1701 South First Street, Fortuna, California 95540. [Dkt. 13].

Defendant failed to file a dispositive motion by the June 21, 2024 deadline. Similarly, Defendant failed to file a Notice with the Court by that same deadline, indicating whether Defendant was of the opinion that this case cannot be resolved by summary judgment.

On July 22, 2024, the Court's staff contacted Defendant's counsel of record, Mr. Chapin, to inquire as to the now-passed deadline for filing a dispositive motion; informed him that the

Defendant's Magistrate Judge consent or declination form had not yet been returned to the Court; and requested that Mr. Chapin provide the Court with an update. [Dkt. 17 at 7; Dkt. 22 at 8]. Mr. Chapin informed the Court's staff that Humboldt County Counsel's office had just lost two attorneys. [Dkt. 17 at 7]. That same day, Defendant consented to magistrate judge jurisdiction. [Dkt. 14]. Defendant did not address the failure to timely file a dispositive motion.

Even after the July 22 communications with the Court's staff, Defendant failed to file a motion for leave to file an untimely dispositive motion, failed to file a motion to extend the dispositive motions deadline, and failed to defend this case.

On September 10, 2024, the Court's staff again contacted Defendant's counsel of record, Mr. Chapin; inquired again as to the now long passed deadline for filing a dispositive motion; and requested that Mr. Chapin provide the Court with an update. [Dkt. 17 at 8; Dkt. 22 at 8]. The Court's staff received no response. Out of an excess of courtesy, the Court's staff again contacted attorney Chapin on September 18, 2024, asking for a response to the September 10, 2024 email. Mr. Chapin responded by informing the Court that he would be filing a dispositive motion. [Dkt. 17 at 8]. Defendant did not address the failure to timely file a dispositive motion in the first place, did not address the need to file a motion to extend the dispositive motions deadline, and did not commit to a deadline to file a dispositive motion.

On September 12, 2024, Plaintiff again filed a notice of change of address with the Court, stating that his address was 1701 South First Street, Fortuna, California 95540. [Dkt. 15]. Despite the communications with the Court's staff, over the next two weeks Defendant failed to file a motion for leave to file an untimely dispositive motion, failed to file a motion to extend the dispositive motions deadline, and did not file any dispositive motions.

On September 26, 2024, the Court issued an Order to Show Cause "why default should not be entered against Defendant for failure to defend this action, where Defendant failed to comply with the Court's Scheduling Order [Dkt. 6] under which Defendant's dispositive motion is three months overdue." [Dkt. 16]. The Court ordered Defendant to file a written response to the Order to Show Cause by October 11, 2024, that "at a minimum, explains why they failed to timely file a dispositive motion, failed to timely file a request for an extension of time to file their dispositive

1   motion, and failed to inform the Court whether the Defendant is of the opinion that this case
2   cannot be resolved by summary judgment." [Dkt. 16 at 2]. The Court set a hearing for the Order
3   to Show Cause for October 17, 2024, and ordered that lead trial counsel for Defendant appear in
4   person. [Dkt. 16 at 3].

5   On October 8, 2024, Defendant filed a response to the Order to Show Cause. [Dkt. 17].
6   Defendant requested that the Court dismiss the Order to Show Cause and not enter default against
7   Defendant because Defendant fully intended to defend and fight this action; the failure to abide by
8   the pretrial scheduling order was inadvertent and not done intentionally or in bad faith; and, in this
9   matter, resolution on the merits was preferable to judgment by default. *Id.* Defendant stated that
10  they inadvertently failed to abide by the pretrial scheduling order because the Humboldt County
11  Counsel's Office lost two attorneys sometime prior to July 2024 which increased lead trial counsel
12  Mr. Chapin's workload; in August/September 2024, Mr. Chapin became ill with gastrointestinal
13  problems that caused him to miss significant time; in August/September 2024, Humboldt County
14  Counsel's office lost three more of its attorneys; in September 2024, Mr. Chapin was obligated to
15  become certified in, and start practicing, dependency law; and Mr. Chapin forgot to file a request
16  for an extension of time due to the loss of attorneys and the "excessive new workload." *Id.* at 2-3,
17  7-8. Mr. Chapin acknowledged that the Court staff contacted him in July 2024 and September
18  2024, and reminded him of the dispositive motion deadline each time. *Id.* at 2-3, 7.

19  Mr. Chapin reported that, on October 2, 2024, the Humboldt County Counsel's office held
20  a meeting wherein Mr. Chapin was able to hand off all his general service departments and their
21  legal matters so that he could focus almost exclusively on civil litigation and dependency. *Id.* at 3,
22  8. Defendant averred that litigation deadlines and tasks would be addressed in a timely fashion
23  going forward. *Id*. at 3, 8. Defendant also attached a proposed summary judgment motion to the
24  response to the Order to Show Cause. *Id*. at 10-53.

25  On October 9, 2024, Defendant filed an untimely motion requesting an extension of time
26  to file their motion for summary judgment, stating that due to staffing problems and Mr. Chapin's
27  illness in August/September 2024, Defendant had inadvertently failed to timely file the dispositive
28  motion and request an extension of time. [Dkt. 19].

5

1    The Court is issuing separately an Order resolving the motion to enlarge time for filing a

2 dispositive motion, which also sets forth some of the facts relevant to this OSC.

3    On October 17, 2024, the Court held a hearing on the Order to Show Cause which revealed

4 the facts surrounding the unexcused failures to defend this case for months:

5    At the hearing, Mr. Chapin stated that he had been unaware of the dispositive motion

6 deadline set in the Court's March 22, 2024 Order because he had not read that Order in its

7 entirety: "You know, your Honor, I actually probably didn't even read that part of the order.  So, I

8 wasn't aware of that, but I'm not going to dispute it, that it was in the order . . . That would have

9 been on me."  [Dkt. 22 at 4].  Mr. Chapin also admitted that he had not read the undersigned's

10 Standing Order, stating, "I did not have that standing order, your Honor, but I'm responsible for

11 that order."  [Dkt. 22 at 5].  Mr. Chapin did not explain how he "did not have" access to a

12 Standing Order that is freely available on the Court's public website.

13    Mr. Chapin stated that the Humboldt County Counsel's Office lost one attorney around

14 June 2024, lost a second attorney around July 2024, and that a third attorney was in Southern

15 California most of the time receiving treatment for a medical issue.  [Dkt. 22 at 8-10].

16    Mr. Chapin acknowledged that the Court staff contacted him in July 2024 and September

17 2024, and acknowledged that the Court staff reminded him of the missed dispositive motion

18 deadline each time.  [Dkt. 22 at 7-8].   Mr. Chapin admitted taking no action after the Court's staff

19 contacted him in July 2024, stating that he was "out for a bit . . . because [he had] a stomach

20 illness."  [Dkt. 22 at 8].  Mr. Chapin stated that he was out of the office during at least a few

21 weeks between April and June due to illness; that his stomach illness was an ongoing issue but

22 caused more significant issues in August or September.  [Dkt. 22 at 13-14].  Mr. Chapin

23 acknowledged that, between April to October 2024, nothing prevented him from informing the

24 Court that he lacked the physical ability to file the summary judgment motion on time, whether

25 due to workload or medical issues.  [Dkt. 22 at 15-16].

26    Mr. Chapin acknowledged that he had not taken any discovery in this case, and that

27 Defendant's proposed summary judgment motion was based on prison records and the deputies'

28 testimony.  [Dkt. 22 at 17-18].  Mr. Chapin further acknowledged that he had made no efforts to

6

contact Plaintiff during the pendency of this case. [Dkt. 22 at 6]. Mr. Chapin attributed the failure to contact Plaintiff to Plaintiff's moving three times since the case had begun, but Mr. Chapin acknowledged that while Plaintiff was in-custody between April 21 to May 15, he made no effort to contact Plaintiff despite knowing exactly where Plaintiff was located. [Dkt. 22 at 6-7]. Mr. Chapin did not attempt to contact Plaintiff to obtain a stipulation regarding an extension of time for dispositive motions. [Dkt. 22 at 6]. Mr. Chapin also has not contacted Plaintiff to conduct discovery. [Dkt. 22 at 6-7, 17-18].

Although a captain of the Humboldt County Sherriff's office appeared at the OSC hearing as a client representative for Defendant, there was no proffer of testimony, evidence, or argument by that client representative. At the close of the OSC hearing, this matter was submitted.

**II.     Resolution of the Order to Show Cause**

     **A.     Default Judgment**

There are five factors that a district court must consider before entering a default judgment as a sanction for a defendant's violation of court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

Here, the first and second factors (the public's interest in expeditious resolution of litigation; and the Court's need to manage its docket) weigh in favor of default judgment. Where a court order is violated, the first two factors support sanctions. *Adriana Int'l Corp.*, 913 F.3d at 1412. Defendant's dispositive motion is over three months overdue, and Defendant took no action in this case despite reminders from the Court and even then only **after** the Court issued its Order to Show Cause. The original scheduling order expressly set the dispositive motion deadline in order to expedite resolution of this case. [Dkt. 6 at 3]. Defendant's delay has not promoted the expeditious resolution of this case. Further, Defendant's failure to file any kind of motion until after the OSC has imposed further burdens on this Court's management of its docket and diverted judicial resources.

7

The fourth factor (public policy favoring the disposition of cases on their merits) weighs against default judgment. The fourth factor always weighs against a default and "often strongly so." *Transamerica Life Ins. Co.*, 913 F.2d at 1412 (internal quotation marks and citation omitted). By definition, a default judgment does not promote the public policy of resolving lawsuits in their merits.

Courts recognize that the third and fifth factors may often be decisive. *Adriana Int'l Corp.*, 913 F.3d at 1412. The third factor – the risk of prejudice to the other party – examines the extent to which the recalcitrant party's conduct creates a risk of either impairing the opposing party's ability to go to trial or interfering with the rightful decision of the case. *Transamerica Life Ins. Co.*, 913 F.3d at 1147. Here, the third factor is neutral. The three-month delay in filing a dispositive motion did not result in a significant risk of impairing Plaintiff's ability to go to trial, but has impaired Plaintiff's ability to understand the details of Defendant's defenses and thus prepare rebuttals to those defenses. Similarly, the delay did not prevent Plaintiff from engaging in discovery or otherwise prevent prosecuting the case, but the need for Plaintiff to file his opposition to Defendant's untimely motion for leave to extend the dispositive motions deadline must have had some effect in diverting Plaintiff's attention from preparing his case. Further, the delay may or may not have resulted in a significant risk of interfering with a rightful decision of the case, depending on whether witnesses have become unavailable in the intervening time – the departure of multiple attorneys from the Humboldt County Counsel's Office may indicate some levels of turnover in employees in that county which at least creates a risk of unavailable witnesses.

The fifth factor (the availability of less drastic sanctions) weighs against default judgment. In order to adequately consider this fifth factor, the Ninth Circuit has instructed that courts should consider the appropriateness of alternative lesser sanctions, warn the offending party of the possibility of a default judgment, and implement lesser sanctions before ordering entry of default judgment. *Transamerica Life Ins. Co.*, 913 F.3d at 1447-48. Here, there are lesser sanctions available, including monetary sanctions and other sanctions discussed below as against attorney Chapin personally. The record indicates that at least some of the cause of the delay resulted by the Defendant's management of its County Counsel's office, including the turnover in attorneys, the

imposition of allegedly overly burdensome workloads on Mr. Chapin, and the apparent failure to expeditiously hire either new counsel or retain outside counsel. Nevertheless, there remain lesser sanctions which can directly addresses those deficient policies or practices of Defendant, without requiring default judgment.

In view of all the factors and pursuant to the appropriate legal standards, the Court finds that default judgment is not appropriate here. Defendant has indicated an intent to defend the case, Defendant's counsel spoke with candor at the OSC hearing, and Defendant's counsel argued that the failures here were not done out of malice. Further, the Defendant's delay does not appear to have significantly prejudiced Plaintiff. Finally, the availability of lesser sanctions is notable in the factual circumstances here. Therefore, the Court **SHALL NOT** enter default judgment against Defendant. Instead, as discussed in further detail below, the Court will impose lesser sanctions.

### B.     Other Sanctions

As discussed above, the conduct at issue here has not been adequately explained or excused. There were months of time prior to the deadline for dispositive motions during which Defendant could have either (a) prepared and filed the dispositive motion, or (b) sought a stipulation to enlarge time for filing dispositive motions, or (c) filed a motion to extend the deadline. Defendant's counsel admitted that neither his illness nor the loss of attorneys (which occurred after the deadline for dispositive motions had passed) prevented Defendant from seeking a simple extension of time to file a summary judgment motion. Defendant's counsel admitted receiving courtesy inquiries from the Court's staff multiple times after the deadline passed, and admitted that Defendant took no action despite those communications. Indeed, Defendant filed nothing in this case from the date of its Answer until the response to the OSC, except for the consent to Magistrate Judge jurisdiction. Defendant took no discovery and did nothing to defend this case, without any reasonable excuse or justification. Most concerningly, Defendant's counsel admitted (in all candor) that he had not read the Court's pre-trial schedule set by the March 22, 2024 Order and had not even read the Court's Standing Order for Civil Cases.

As the Ninth Circuit has instructed, courts should consider the appropriateness of sanctions other than default judgment. *Transamerica Life Ins. Co.*, 913 F.3d at 1447-48. For example,

1    courts may impose sanctions against an attorney personally.  A court has a duty to supervise the

2    conduct of attorneys appearing before it.  *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996)

3    (citing *Trust Corp., v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983)).  Whether to impose

4    sanctions is subject to the Court's sound discretion.  *Dahl v. City of Huntington Beach*, 84 F.3d 363,

5    367 (9th Cir. 1996).  "For a sanction to be validly imposed, the conduct in question must be

6    sanctionable under the authority relied on."  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490

7    (9th Cir. 1988).

8        Federal Rule of Civil Procedure 16(f) provides that, on its own motion, "the court may issue

9    any just orders . . . if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order."

10   Since the purpose of the rule is "to encourage forceful judicial management," a court has broad

11   discretion to sanction attorneys and parties who fail to comply with the court's reasonable case

12   management orders.  *Alutiq Int'l Solutions, LLC v. Lyons*, 2012 WL 7801695, at *3 (D. Nev. Sep. 18,

13   2012) (citing *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986)); *see also* Civil L.R. 3-9

14   ("Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

15   Moreover, federal courts have inherent power to impose monetary or other sanctions in order to

16   control the conduct of the proceedings, protect the "orderly administration of justice," and to maintain

17   "the authority and dignity of the court."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980)

18   (citations omitted).

19       The Court finds that Defendant's attempts to explain the multiple failures to comply with both

20   the Court's pretrial scheduling Order of March 22, 2024, failures to comply with the Court's Standing

21   Order, failures to comply with the Civil Local Rules, and failures to comply with Rule 16 are wholly

22   insufficient and inadequate to avoid imposition of sanctions here.  Attorney Chapin initially claimed

23   that his failure to comply with the Court's Orders was because his office was understaffed and he was

24   ill.  [Dkt. 17; Dkt. 22 at 8-12].  However, only one attorney departed prior to, or around the time of,

25   the June 21, 2024 dispositive motion deadline.  [Dkt. 22 at 9].  In addition, Attorney Chapin admitted

26   that he had been unaware of the dispositive motion deadline anyway because he had not read the

27   Court's March 22, 2024 Order in full.  [Dkt. 22 at 4].  Attorney Chapin further admitted that he had

28   not read the Court's Standing Order.  [Dkt. 22 at 5-6].  It is apparent that Attorney Chapin did virtually

no work on this case prior to the Court's Order to Show Cause, outside of filing an Answer and a Magistrate Judge jurisdiction consent form. Attorney Chapin had not contacted Plaintiff and took no discovery. There was nothing specific about the proposed dispositive motion which required discovery or delay for other information – Attorney Chapin admitted the proposed summary judgment motion is based on County Jail records which were available to him since this action was filed. [Dkt. 22 at 6, 17-18]. Finally, Attorney Chapin has acknowledged that nothing prevented him (or anyone else in his office) from timely informing the Court that he lacked the physical ability to timely file a summary judgment motion. [Dkt. 22 at 15-16].

Attorney Chapin admitted at the hearing that he did not act with reasonable diligence with regard to filing the summary judgment motion timely. [Dkt. at 16]. Attorney Chapin's overall conduct here (including his failure to read this Court's Orders; failure to abide by, or familiarize himself with the Court's Standing Order and this District's Civil Local Rules; failure to take action even after being prompted by Court staff; and general lack of attention to this case) is wholly inconsistent with the California Rules of Professional Conduct. Cal. R. Prof. Conduct 1.3 ("A lawyer shall not intentionally, repeatedly, recklessly or with gross negligence fail to act with reasonable diligence in representing a client. For purposes of this rule, 'reasonable diligence' shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer."). The Court **FINDS** that Attorney Chapin acted without excusable neglect and failed to demonstrate the levels of professional responsibility, commitment, and dedication to a client and to this Court that is required by the legal profession as set forth in the California Rules of Professional Conduct and this Court's guidelines for professional conduct.

Based on the record and the facts presented here, and pursuant to applicable legal standards, the Court expressly **FINDS** that sanctions are warranted as against Attorney Chapin as discussed herein, both under Rule 16, the Court's Civil Local Rules, and the Court's exercise of its inherent authority.

## CONCLUSION

Accordingly, the Court **ORDERS** as follows.

11

1. The Court **DISCHARGES** the September 26, 2024 Order to Show Cause. [Dkt. 16].

2. The Court **DECLINES** to enter default judgment against Defendant.

3. Attorney Thomas R. Chapin is **PERSONALLY SANCTIONED** in the amount of **$500 (five hundred U.S. dollars)**, which shall be directly paid by him personally (and not by his client) within **sixty (60) days** of the date of this Order, to the Clerk of the U.S. District Court for the Northern District of California. Attorney Chapin **SHALL** attach a copy of this Order to his payment. The Court considered greater monetary sanctions (at least double the amount imposed in the preceding sentence) but has reduced the amount out of consideration for Attorney Chapin's candor at the OSC hearing.

4. Attorney Chapin is **ORDERED** to self-report this sanction and send a copy of this Order within **thirty (30) days** of the date of this Order to (1) the U.S. District Court for the Northern District of California's Standing Committee on Professional Conduct for further investigation pursuant to Civil Local Rule 11-6(a)(1) and (2) to the California State Bar pursuant to the California State Bar's procedures for reporting judicial sanctions. Within ten (10) business days of these self-reportings, Attorney Chapin is **ORDERED** to file a certification under oath with the Court certifying he has self-reported as required.

5. The Court further **ORDERS** Attorney Chapin to complete at least two hours of in-person, bar-approved CLE on Law Practice Management to be completed within one year of the date of this Order. The Court further **ORDERS** Attorney Chapin to file with the Court a Certification, under oath, that he has completed such CLE by the deadline (attaching any certificate of completion from the CLE provider), where such certification shall be filed within ten (10) business days of the completion of the CLE.

6. As noted, the record indicates that the conduct at issue here resulted at least indirectly from practices or policies of the Humboldt County Counsel's Office with regard to staffing, work assignments, workload management, failure to hire replacement attorneys expeditiously after vacancies occur, and failure to retain outside counsel (or recommend to Humboldt County government agencies or departments to retain outside counsel) in litigation matters when appropriate. Therefore, the Court further **ORDERS** Attorney Chapin to share with all the attorneys and the Legal Office

Services Manager in the Humboldt County Counsel's Office copies of all educational materials received in connected with the CLE ordered above. The certification ordered above **SHALL** include certification of the distribution of these Law Practice Management educational materials.

7. The Court further **ORDERS** Attorney Chapin to report this sanction and provide a copy of this Order (within ten (10) business days of the date of this Order) to the current Interim County Counsel for Humboldt County, as well as to the permanent County Counsel for Humboldt County within thirty (30) days after that person is appointed. Finally, the Court **ORDERS** Attorney Chapin to report this sanction and provide a copy of this Order (within ten (10) business days of the date of this Order) to Captain Christian of the Humboldt County Sherriff's Office as well as any other officers or officials of Humboldt County responsible for supervision of this case. Within ten (10) business days of completing the self-reportings as required in this paragraph, Attorney Chapin is **ORDERED** to file a certification under oath with the Court certifying he has self-reported as required.

8. Defendant is hereby on **NOTICE** that further failures to abide by Court Orders, failures to comply with the Civil Local Rules, the Federal Rules, or the Court's General and Standing Orders, and further failures to defend this case, shall result in further sanctions, up to and including terminating sanctions.

This Order **RESOLVES** Dkt. 16.

**IT IS SO ORDERED.**

Dated: January 7, 2025

_____
PETER H. KANG
United States Magistrate Judge

13